**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                      :
LORETTA GREEN,                        :  CIVIL ACTION NO. 10-908 (MLC)
                                      :
     Plaintiff,                       :       O P I N I O N
                                      :
     v.                               :
                                      :
DESERT PALACE, INC.,                  :
                                      :
     Defendant.                       :
                                      :
```

**THE COURT** ordering the parties to show cause why the action should not be transferred to the United States District Court for the District of Nevada under 28 U.S.C. § ("Section") 1404 (dkt. entry no. 5, Order to Show Cause ("OTSC")); and the plaintiff, who is a New Jersey citizen, bringing this action in New Jersey state court (1) to recover damages for personal injuries ("Injuries") suffered due to insect bites in a hotel room ("Incident") in Las Vegas, Nevada, which is served by the United States District Court for the District of Nevada, and (2) against the defendant, Desert Palace, Inc., which is deemed to be a Nevada citizen (dkt. entry no. 1, Rmv. Not. & Compl.); and the defendant removing the action under Section 1332; and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**IT APPEARING** that this action would have been more properly brought in the District of Nevada, as (1) the Incident occurred and the Injuries arose therein, (2) the federal court there will be more familiar with the site at issue, (3) the defendant can be found there, (4) most of the non-party witnesses probably live and work nearby, (5) evidence will be found there or nearby, and (6) controlling Nevada law will be easily applied there, see Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (granting part of motion seeking transfer to Nevada even though plaintiff was citizen of — and medically treated in — New Jersey, as (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) Nevada court is more familiar with Nevada law, and (4) relevant evidence in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (granting motion to transfer to Virginia even though plaintiff was Pennsylvania citizen, as defendant ran facility at issue and accident occurred in Virginia); and it appearing that the plaintiff's medical treatment in New Jersey for the Injuries is not a controlling factor, Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (rejecting plaintiff's argument — in granting motion to transfer — that action should be in plaintiff's home venue where medical treatment was ongoing); Nanni v. Meredith Paving Corp., No. 94-7260, 1995 WL 128033, at

\*1-\*2 (E.D. Pa. Mar. 24, 1995) (same); and it appearing that the convenience of counsel is not a consideration as to the issue of proper venue, see Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973); and

**THE COURT** thus advising the parties of the intention to transfer the action to the District of Nevada (see OTSC at 4); and the Court presenting all of the aforementioned case law in the Order to Show Cause (id. at 2); and the defendant supporting a transfer (dkt. entry no. 8, Def. Br.); and

**THE PLAINTIFF** opposing a transfer (dkt. entry no. 9, Pl. Resp.); and the plaintiff arguing that (1) she "would be more convenienced [sic] by having the matter heard in New Jersey", as she "is in no position emotionally, physically or financially to have this case heard in the District of Nevada", (2) two family members and one acquaintance, all of whom were able to accompany her to Nevada and thus are potential witnesses, would be inconvenienced, (3) she received medical treatment in New Jersey, (4) "[i]nspection of the [defendant's] premises is not warranted as the cause of Plaintiff's injuries have been documented" (id. at 8-9); but

**THE COURT** having carefully reviewed the plaintiff's attempts to distinguish the case law cited by the Court (id. at 10-12); and the Court finding those arguments to be unconvincing; and the Court noting the plaintiff's argument that "[a]lthough the

3

incident occurred in Nevada, the substantive law to be applied in this matter is general tort law" is without support (id. at 9); and it appearing that the plaintiff's arguments concerning the certainty of the place and manner of the Incident are merely conclusory; and it further appearing that the plaintiff's arguments concerning her medical treatment in New Jersey, and the inconvenience and expense that she will encounter by litigating in Nevada, are without merit and ignore all of the case law already presented in the Order to Show Cause; and the plaintiff further admitting, in any event, that she initially received medical treatment in Nevada (id. at 4);[1] and

    **THE COURT** thus intending to (1) grant the Order to Show Cause, and (2) transfer the action to the District of Nevada; and for good cause appearing, the Court will issue an appropriate order.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated:  April 8, 2010

---

[1] The plaintiff lists several instances where the defendant allegedly had contacts with New Jersey. (Pl. Resp. at 1-4.)  The parties were not directed to address either personal jurisdiction or venue pursuant to Section 1406.